IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Abel Colin (K-82453),** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 08 C 6323** |
| | ) | **Judge Amy J. St. Eve** |
| **Terry McCann, et al.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Abel Colin (K-82453), an Illinois prisoner incarcerated at Stateville Correctional Center, filed a 42 U.S.C. § 1983 action against Terry McCann (former Stateville warden), Jerry Baldwin (counselor in the X house at Stateville), Officer Tejada (Internal Affairs Officer at Stateville), Eddie Jones (former warden of Pontiac Correctional Center), and Marvin Reed (an assistant warden at Pontiac). Plaintiff alleges that the Defendants are acting with deliberate indifference to Plaintiff's safety by not placing him in protective custody at Stateville. The Defendants have filed a motion to dismiss the complaint. Plaintiff has filed a response. For the following reasons, the Court denies the motion to dismiss, but dismisses Eddie Jones and Marvin Reed as Defendants. Plaintiff may proceed with his claim that McCann, Baldwin, and Tejada continue not to protect Plaintiff by refusing to house him in protective custody. On its own motion, the Court appoints counsel for Plaintiff.

## STANDARD OF REVIEW

When considering a motion to dismiss, this Court assumes to be true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007); *Marshall-Mosby v.*

*Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits, or determine a plaintiff's ability to succeed on his claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996).

Under the notice pleading requirement of Fed. R. Civ. P. 8(a), a complaint must provide sufficient notice of the claim. The complaint need not state extensive facts, and the complaint need only state enough information to provide the defendant with notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the allegations of a complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007). The complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic*, 550 U.S. at 555. Nor must a court presume facts not alleged. *Id.* Also, if the plaintiff pleads facts demonstrating that he has no claim, he may plead himself out of court. *McCready v. eBay, Inc*, 453 F.3d 882, 888 (7th Cir. 2006).

**FACTS**

Plaintiff alleges in his complaint that he is in imminent danger of harm from members of enemy gangs, the Latin Kings and the Vice Lords. (Complaint at 4.) He alleges that the Defendants know that Plaintiff faces harm in general population, but refuse to place him in protective custody. He further alleges that the Defendants are violating the consent decree in *Meeks v. Lane*, No. 75-C-96 (N.D. Ill. July 1981) ("the *Meeks* decree") by allowing general population inmates access to prisoners in protective custody when delivering either food trays or commissary items. (*Id.* at 4-5.)

Attached to the complaint are three letters. The first letter, dated September 8, 2008, is from an attorney representing Plaintiff in his state post-conviction proceedings and is addressed to Stateville

Warden Terry McCann. The attorney stated that Plaintiff was convicted of sexual assault of a child, Plaintiff was threatened numerous times, he is 56 years old, he is of a slight stature, and he fears for his safety. The attorney requested that McCann or a member of his staff place Plaintiff in protective custody. (R. 1 at 7, September 8, 2008, letter attached to Complaint.) The second letter is dated August 24, 2008, and is from Plaintiff to the Administrative Review Board in Springfield, Illinois. Plaintiff stated that a review panel at Stateville denied his request to be placed in protective custody that he was convicted of sexual assault of a child, that he had been in protective custody at Pontiac from 2000 to 2007, and that during the conviction process from 1995-2000, he was beaten, harassed, forced to pay money to and forced to wash clothes for both Latin King and Vice Lord gang members. (R. 1 at 8-9, August 24, 2008, letter attached to Complaint.) The third letter is dated March 4, 2008, from Plaintiff's attorney to Eddie Jones, Warden of Pontiac. Similar to the other letters, Plaintiff's attorney requested that Plaintiff be able to remain in protective custody. (R. 1 at 13-14, March 4, 2008, letter.)

In response to Defendants' motion to dismiss, Plaintiff states that he still fears assault in general population and that the Defendants continue to deny him protective custody. (R. 22, Plaintiff's Response, 5.) He reiterates that he was convicted of sexual assault of a child, that inmates in general population intentionally lose his commissary request slips, threaten to poison his food, and threaten to beat him if he does not pay extortion fees. (R. 21, Plaintiff's Affidavit.)

The Defendants contend that Plaintiff (1) does not state how the Defendants were or are personally involved, and (2) does not state a physical injury to support a civil rights claim under 42 U.S.C. § 1997e. (R. 16, Defs' Motion to Dismiss.)

## ANALYSIS

### A. Failure to Protect Standard

To state a failure to protect claim, a plaintiff must allege that he faced a serious risk of harm and that the defendants knew of yet disregarded that risk. *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004) (*citing Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The risk-of-harm prong is an objective one, and the plaintiff must be able to show that he was exposed to a substantial risk of serious harm. A beating by a fellow detainee constitutes a serious harm. *Brown v. Budz*, 398 F3d 904, 910-11 (7th Cir. 2005). The deliberate-indifference prong is subjective, and the prisoner must be able to establish that the defendant actually knew of the excessive risk of harm but failed to take reasonable steps to abate it. *Christopher*, 384 F.3d at 882.

### B. Physical Harm under Section 1997e

With respect to the risk-of-harm objective prong, Plaintiff does not allege that he has been beaten, only that he has been threatened. However, a prisoner cannot recover damages for a fear of assault under the Prison Litigation Reform Act. (*See* R. 1, 21, 22.) "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e. Although fear of being injured is not compensable under § 1997e, a prisoner need not wait to be injured to bring suit, and he may seek injunctive relief. *See Doe v. Welborn*, 110 F.3d 520, 524 n.3 (7th Cir. 1997) (a prisoner may not seek money damages under the PLRA absent a physical harm, but "neither *Farmer v. Brennan* nor *Babcock v. White* rules out injunctive relief 'to prevent a substantial risk of serious injury from ripening into actual harm'") (*quoting Farmer*, 511 U.S. at 845, and *citing Babcock v. White*, 102 F.3d 267, 270-73 (7th Cir. 1996).

In this case, Plaintiff does not allege that he has been physically injured. Rather, he states that he was in protective custody at Pontiac, that he is not in protective custody at Stateville, and that he has been threatened at Stateville. He cannot recover money damages for his claims. However, he may be able to obtain injunctive relief. Plaintiff alleges that he has been and continues to be threatened by gang members in general population at Stateville. To the extent he alleges that he is still in danger, he has sufficiently stated a cause of action for injunctive relief, and he may seek to have the Defendants take action to protect Plaintiff. This claim, however, does not involve the Pontiac Defendants Eddie Jones and Marvin Reed. Plaintiff does not allege, and it appears clear from the complaint, that neither Jones nor Reed is able to place Plaintiff in a protected area of Stateville. Accordingly, the Court dismisses Jones and Reed as Defendants.

**C.     Personal Involvement**

Under § 1983, a plaintiff must allege that the defendant was personally involved with the alleged constitutional deprivation. A plaintiff cannot rely on a theory of respondeat superior or negligent supervision to hold a defendant liable. *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999); *Payne v. Churchich*, 161 F.3d 1030, 1039 (7th Cir. 1998). An allegation that a prisoner complained to a prison official about an unconstitutional condition is usually inadequate to state a claim that the official was personally involved. However, under some circumstances, a letter to a high-ranking prison official can constitute sufficient knowledge of a condition requiring the official to exercise his or her authority. *Vance v. Peters*, 97 F.3d 987, 993-94 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995),

In Plaintiff's case, his attorney forwarded a letter to Stateville Warden McCann when Plaintiff was being transferred there. The attorney informed McCann that, "Mr. Colin has been convicted of the

sexual assault of a child and as you may imagine his presence at Joliet has irritated a variety of other residents. Mr. Colin has been threatened repeatedly and is unable to defend himself in that he is 56 years of age and of slight stature. He has asked to be transferred to a protective custody unit." (Complaint at 7, Sept. 8, 2008, letter.) Given the letter attached the complaint, Plaintiff has stated a claim that McCann knows that Plaintiff faces threats in general population and should be placed in protective custody. Plaintiff may thus proceed with his claim for injunctive relief against McCann.

With respect to Jerry Baldwin and Officer Tejada, Plaintiff's complaint only lists them as Defendants but does not specifically state how or if they were involved. (*See generally* Complaint.) However, the complaint does state that Plaintiff "has been denied protective custody placement at the Stateville and Pontiac Correctional Centers despite the Defendants['] knowledge that he faces imminent danger from enemy gang members." (Complaint at 4.) Additionally, Plaintiff states in response to Defendants' motion to dismiss that "Terry L. McCann, Jerry Baldwin, and Internal Affairs C/O Tej[a]da refused to approve my request for protective housing." (R. 21, Pl.'s Affidavit at 3.) Although it is not clear how Baldwin and Tejada are involved, and a more developed record may demonstrate that they are not personally involved, Plaintiff has stated enough to allow his complaint to proceed against them at this stage.

Accordingly, the Court denies the Defendants' motion to dismiss the claims against McCann, Baldwin, and Tejada. Plaintiff may proceed with his claim for injunctive relief against these Defendants, and they are directed to answer the complaint or otherwise plead within thirty days of the date of this opinion.

D.  **Appointment of Counsel**

Although Plaintiff is a civil litigant and does not have a constitutional or statutory right to counsel, the Court may appoint counsel under 28 U.S.C. § 1915(e)(1).  Given the nature of Plaintiff's claims, appointment of counsel is warranted in this case.  The Court appoints Moyenda Mutharika Knapp, Johnson & Bell, Ltd., 33 West Monroe Street, Suite 2700, Chicago , IL 60603, (312) 372-0770, email: knappm@jbltd.com, to represent Plaintiff in accordance with counsel's trial bar obligations under Local Rules 83.11(g) and 83.37 (N.D. Ill.).

## CONCLUSION

The Court grants in part and denies in part the Defendants' motion to dismiss.  The Court dismisses the claims against Eddie Jones and Marvin Reed, and these Defendants are dismissed from this action.  The Court denies the Defendants' motion to dismiss the claims against Terry McCann, Jerry Baldwin, and Officer Tejada, and Plaintiff may proceed with his claim against these Defendants.  The Court directs Defendants Terry McCann, Jerry Baldwin, and Officer Tejada to answer the complaint or otherwise respond within thirty days of the date of this opinion.  On its own motion, the Court appoints Moyenda Mutharika Knapp, Johnson & Bell, Ltd., to represent Plaintiff.  Counsel shall enter an appearance for a status hearing set for May 12, 2009 at 8:30 a.m.

ENTER:  _____
Amy J. St. Eve
**United States District Court Judge**

**DATED: April 21, 2009**